**AMERICAN SAMOA GOVERNMENT, Plaintiff**

**v.**

**NAPOLEONE LOIA, Defendant**

High Court of American Samoa
Trial Division

CR No. 10-90

June 7, 1990

Before KRUSE, Chief Justice, TAUANU'U, Chief Associate Judge, and MATA'UTIA, Associate Judge.

Counsel: For Plaintiff, Jeffrey Buckner, Assistant Attorney General
For Defendant, Barry I. Rose, Assistant Public Defender

On Motion to Suppress:

Defendant is charged with possession of a controlled substance, marijuana. He has filed a motion to suppress evidence under the following circumstances: On the evening of March 6, 1990, two officers, who were on patrol on the main east-west highway, encountered an oncoming vehicle in the vicinity of Fatumafuti which appeared to them to be driven at a high rate of speed. The officers gave chase and finally ended up at the emergency entrance of the L.B.J. Tropical Medical Center. When the officers arrived at the hospital, they found the defendant's vehicle parked and unoccupied. One officer went into the emergency clinic where he located the defendant, while the other officer went and looked inside the parked vehicle. In a preliminary examination proceeding before the District Court, the latter testified that his purpose

126

for checking the defendant's vehicle was "just to look inside if the keys were in there," and that while looking inside he "observed an ashtray, something that looked like --like a butt, like a cigarette butt. So I left it there and informed Officer Maifea that that was probably marijuana. It doesn't have, you know, like a filter."[1] A radio call was then placed to the station for a narcotics officer who later attended with field test equipment. The butts tested positive.

A week later, and armed with these results, the testing officer sought a warrant for the defendant's arrest charging him with possession of an unlawful substance. The affidavit in support of the warrant contained in pertinent part the following: "Affiant responded to a call from the police station and, upon arrival, was informed by PSO L. MAIFEA that, during a routine vehicle search, he observed what appeared to be two marijuana cigarettes in the ash tray of the pickup driven by NAPOLEONE LOIA following his arrest for drunk driving; That Affiant seized the cigarettes and performed a field test, the results of which were positive for marijuana. . . ." An arrest warrant issued.

Upon execution of the warrant on March 16, 1990, the defendant was immediately taken to the Tafuna Correctional Facilities. During the attendant booking process at the correctional facilities, a quantity of alleged marijuana was found on the defendant's person and, accordingly, another charge of possession was filed.

On March 26, 1990, the preliminary examination on the first charge of possession came before the District Court. Departing from past practice and citing *A.S.G. v. Samana*, 8 A.S.R.2d 1 (1988),[2] the District Court judge felt that he was bound to entertain a defense motion to suppress. From the evidence adduced at this hearing, the judge was not satisfied that the search of the defendant's vehicle was in fact the routine search following arrest for drunken driving as alleged in the supporting affidavit. Dismissing the government's arguments about

---

[1] *A.S.G. v. Loia*, DCR NO. 21-90, Reporter's Transcript of Proceedings held March 26, 1990, page 5.

[2] This case held that the exclusionary rule in American Samoa, a constitutional rule, applied also to probation revocation proceedings. Rev'd. Const. Am. Samoa art I, § 5. This provision tracks the language of the Fourteenth Amendment relating to unreasonable searches and seizures; however, unlike its federal counterpart, art. I, § 5 also provides: "Evidence obtained in violation of this section shall not be admitted in *any* court." (emphasis added).

"plain view," the judge went on to find that the marijuana butts taken from the defendant's vehicle were seized pursuant to an unlawful search and, therefore, inadmissible as evidence. Lacking the physical evidence, the complaint was dismissed for insufficient showing of probable cause.[3]

The second possession charge is the basis of the proceedings now before us. The motion to suppress alluded to at the outset is premised on the contention that the marijuana seized, together with any inculpatory statements made by the defendant, at the correctional facilities, were "fruits" of an unlawful arrest and attendant search and, therefore, inadmissible evidence under *Wong Sun v. United States*, 371 U.S. 471 (1963).

Defendant's "fruits of the poisonous tree" claim is, however, dependent on the contention that the District Court's conclusion of an unlawful search and seizure on March 6, 1990, is somehow conclusive in the proceedings before us. Defendant argues that the government is estopped from further reviving the issue of whether the search calumniating in the first possession charge was lawful. Defendant argues that if the government is permitted to reopen the issue, this would have the practical effect of allowing the back door appeal of an issue which the government was entitled to appeal and which it did not. The concern stated is that if the High Court views the evidence differently, then the District Court's decision in *A.S.G. v. Loia*, DCR NO. 21-90, will have been effectively overruled, and, therefore, the government could conceivably refile the first possession charge. Defendant submits that this peculiar effect singularly arises in the territory because of its distinctive constitutional exclusionary rule and the fact that in American Samoa, unlike other jurisdictions, a felony complaint may only be filed in the High Court consequent to a preliminary examination.

The argument for estoppel is not persuasive. That the government has a right to appeal does not mean that the government has the duty to do so. We are unwilling to give such unnecessary effect to the relevant statute, A.S.C.A. § 46.2405. Secondly, whether the government may or may not refile the first possession charge is matter governed by the provisions of High Court of Rules of Criminal

---

[3] *A.S.G. v. Loia*, DCR NO. 21-90, Reporter's Transcript of Proceedings held March 26, 1990, pages 7-20.

Procedure, Rule 5.1(b),[4] and not on how we view, in these entirely separate proceedings, the legality of the March 6, 1990, seizure. Thirdly, our concern in this case is the question of guilt or innocence, which in turn is dependent on the competency and quality of the evidence to be presented by the government. It is the duty of this court to determine all questions as to the competency of the evidence; we see no reason to here depart from that duty. Finally, the curious situation in which the District Court Judge found himself in *A.S.G. v. Loia*, DCR NO 21-90, is not the inevitable consequence of the territory's uncommon constitutional exclusionary rule. A constitutional mandate extending the exclusionary rule to preliminary examination proceedings would also be served by the referral of such suppression motions for disposition by the High Court. A simple amendment to that effect to T.C.R.Cr.P. 5.1 would not be inconsistent with the mandate.

We conclude that the government is not estopped from arguing the legality of the seizure of March 6, 1990. It is thus unnecessary, at least at this point in the record, to consider the teaching of *Wong Sun*. The issue of whether or not the March 6, 1990, seizure was valid is an issue for this Court's determination and should therefore be briefed and addressed by the parties accordingly. This matter will be set for further hearing upon the motion of either party.

It is so Ordered.

---

[4] T.C.R.Cr.P. Rule 5.1(b) provides as follows:

> (b) Discharge of Defendant. If from the evidence [at the preliminary examination] it appears that there is not probable cause to believe that an offense has been committed or that the defendant committed it, the district court judge shall dismiss the complaint and discharge the defendant. *The discharge of the defendant shall not preclude the government from instituting a subsequent prosecution for the same offense.*

Id. (Emphasis added).